IN RE DISQUALIFICATION OF ROTHGERY.

LORAIN COUNTY BOARD OF HEALTH *v.* DIEWALD.

[Cite as *In re Disqualification of Rothgery,*
117 Ohio St.3d 1250, 2005-Ohio-7152.]

(No. 05AP–046—Decided May 19, 2005.)

MOYER, C.J.

{¶ 1} Defendant John Diewald, a.k.a. Chu Bbakka, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Christopher R. Rothgery from acting on any further proceedings in case No. 04–CV–139806 in the Court of Common Pleas of Lorain County.

{¶ 2} Diewald states that the judge is a partner in a law firm that has represented Diewald since last July and that the judge's association with that firm justifies his disqualification from this case.

{¶ 3} Judge Rothgery has responded to the affidavit in writing, and he states that he took office in January 2005. He acknowledges that an associate of his in his former law firm did represent defendant Diewald in 2004, but the judge denies that he ever discussed that case with the associate during the representation, and he states that it was unrelated to the case now before him.

{¶ 4} I find no basis for ordering the disqualification of Judge Rothgery. To be sure, "[a] judge shall not practice law," according to Canon 4(F) of the Code of Judicial Conduct. I am confident that Judge Rothgery has taken all appropriate steps to separate himself from his former law firm and the practice of law since assuming the bench. And in light of the judge's assurances that he himself did not represent the defendant in this or any prior legal matters, I conclude that disqualification is not warranted. Prior representation of a party by a judge or

his former law firm on matters wholly unrelated to matters presently pending before the judge does not mandate judicial disqualification, absent a specific showing of actual bias on the part of the judge. Flamm, Judicial Disqualification (1996) 319–320, Section 11.3. See *Natl. Auto Brokers Corp. v. Gen. Motors Corp.* (C.A.2, 1978), 572 F.2d 953, 958 (the "prior representation of a party by a judge or his firm with regard to a matter unrelated to litigation before him does not automatically require recusal"); *Mustafoski v. State* (Alaska App.1994), 867 P.2d 824, 832 ("unless there is a specific showing of bias, a judge is not disqualified merely because he or she worked as a lawyer for or against a party in a previous, unrelated matter").

{¶ 5} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Rothgery.