[Cite as *State v. Baker*, 2019-Ohio-1807.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TERRY ALLEN BAKER, JR.,

Defendant-Appellant.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 18 BE 0018

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 12 CR 22

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Dan Fry*, Belmont County Prosecuting Attorney and *Atty. Kevin Flanagan*, Chief Criminal Assistant Prosecuting Attorney, Courthouse Annex No. 1, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee, No Brief Filed.

*Atty. John D. Falgiani, Jr.*, P.O. Box 8533, Warren, Ohio 44484 and
*Atty. Wesley A. Johnston*, P.O. Box 6041, Youngstown, Ohio 44501, for Defendant-Appellant.

Dated: May 7, 2019

---

**WAITE, P.J.**

**{¶1}** Appellant Terry Allen Baker, Jr. appeals a March 21, 2018 Belmont County Court of Common Pleas judgment entry. In this matter, Appellant argues that the trial court abused its discretion when it reimposed his original prison sentence after he committed several probation violations. Appellant alleges that the trial court was biased against him when making this decision. For the reasons provided, Appellant's argument is without merit and the judgment of the trial court is affirmed. We note that this appeal was consolidated with Appellant's appeal in case number 18 BE 0021. For ease of understanding, 18 BE 0021 is addressed in a separate opinion.

<u>Factual and Procedural History</u>

**{¶2}** This appeal stems from Appellant's March 30, 2012 conviction on one count of conveyance of certain prohibited items onto the property of state facilities, a felony of the third degree in violation of R.C. 2921.36(A)(2). Appellant pleaded guilty as part of an agreement to enter drug court. Pursuant to that agreement, Appellant's sentence was held in abeyance pending his satisfactory completion of all drug court requirements.

**{¶3}** Appellant did not comply with his drug court requirements. On March 18, 2013, the trial court found Appellant noncompliant during his drug court review. On November 15, 2013, the court again found Appellant noncompliant, and sanctioned him with fifteen hours of community service. On January 31, 2014, the court found Appellant noncompliant and he was again sanctioned with fifteen hours of community service. On March 14, 2014, the court found Appellant noncompliant and imposed a three-day jail sentence. On July 11, 2014, Appellant was noncompliant yet again, however, it does not appear that the court sanctioned him on this occasion. On July 18, 2014, when the court

found Appellant noncompliant, it sentenced him to sixteen days in jail. Appellant was not sanctioned for his noncompliance of August 1, 2014, but on September 11, 2014, the state filed a motion to terminate Appellant's drug court agreement after Appellant was again found to be noncompliant.

{¶4} When the trial court issued a warrant for Appellant's arrest, he absconded. On September 26, 2014, the trial court granted the state's motion to terminate Appellant from drug court in absentia. On April 30, 2015, Appellant was located and arrested pursuant to the warrant. On May 21, 2015, the trial court sentenced Appellant to thirty months of incarceration, with credit for fifty-seven days served. The court also imposed a three-year postrelease control term. Appellant did not appeal his sentence.

{¶5} On November 19, 2015, Appellant filed a motion for judicial release. The trial court denied the motion on November 23, 2015. On February 23, 2016, Appellant filed a second motion for judicial release. On May 3, 2016, the trial court granted Appellant's second motion for judicial release. The trial court amended Appellant's sentence to three years of community control and 100 hours of community service. The court's judgment entry clearly stated that the balance of Appellant's original sentence would be reimposed if he violated the terms of his community control sanction.

{¶6} The first year of community control was served at the Eastern Ohio Correction Center ("EOCC"). On September 13, 2016 Appellant was released from the EOCC and ordered to complete the remaining twenty-four months under the supervision of the Ohio Adult Parole Authority. The court's judgment entry in this regard stated that any probation violation would result in a thirty month term of incarceration, with 539 days of jail-time credit.

{¶7}   On January 31, 2018, Appellant pleaded guilty in county court to one count of theft in case number 17CRB748.  Although the record is limited, it appears that these charges arose from an incident at WalMart.  Appellant was also charged in county court with unrelated domestic violence and child restraint violations during the same time period.

{¶8}   On February 22, 2018, the state filed a motion to revoke Appellant's community control sanction.  The state alleged that Appellant violated the terms of his probation due to his county court theft conviction in case number 17CRB748 and due to the domestic violence and child restraint charges.  The latter charges were subsequently dismissed.

{¶9}   On February 26, 2018, the trial court held a first stage hearing and determined there was probable cause to believe that Appellant violated his community control sanction.  On March 19, 2018, the court held a second stage hearing and found that Appellant violated probation based on his conviction for theft.  The court sentenced Appellant to serve the balance of his original prison sentence, thirty months of incarceration with credit for 563 days served.  It is from this entry that Appellant timely appeals.

{¶10}   Again, Appellant also appealed denial of his motion to withdraw his guilty plea entered in county court for theft (appeal number 18 BE 0018).  While we granted Appellant's motion to consolidate the appeals, that case will be addressed separately.  The state failed to file a brief in either case.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY CONTROL AND IMPOSING THE REMAINING TERM OF THE PRISON SENTENCE.

**{¶11}** Appellant bases this appeal solely on his allegation that the trial court judge in this matter had, in the past, represented him on an unrelated custody matter. According to Appellant, the relationship between the parties deteriorated at some point during that representation. Because of this, Appellant claims that the judge was biased against him and this bias is reflected in the reimposition of his sentence.

**{¶12}** It is well established that a criminal defendant who is tried before a biased judge has been denied due process. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34, citing *Rose v. Clark*, 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); *Tumey v. Ohio*, 273 U.S. 510, 534, 47 S.Ct. 437, 71 L.Ed. 749 (1927).

**{¶13}** However, an appellate court does not have authority to disqualify a trial court judge or to void the judgment of a trial court judge based on a claim of judicial bias. *Paparodis v. Snively*, 7th Dist. Columbiana No. 06-CO-5, 2007-Ohio-6910, ¶ 48, citing *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336, (9th Dist.1993). "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995), citing Section 5(C), Article IV, Ohio Constitution; *Adkins v. Adkins*, 43 Ohio App.3d 95, 539 N.E.2d 686 (4th Dist.1988).

**{¶14}** As the chief justice of the supreme court has exclusive jurisdiction in regard to judicial disqualification, and Appellant was required to seek redress from the supreme

court prior to the judge taking action in this case, we cannot address Appellant's claims in this regard. Even if we had the ability to review Appellant's claim, there is no evidence in the record, other than a passing mention by Appellant, that the judge had provided representation to Appellant in the past. Regardless, "[p]rior representation of a party by a judge * * * on matters wholly unrelated to matters presently pending before the judge does not mandate judicial disqualification, absent a specific showing of actual bias on the part of the judge." *Ohi-Rail v. Barnett*, 7th Dist. Jefferson No. 09-JE-18, 2010-Ohio-1549, ¶ 18, citing *In re Disqualification of Rothgery*, 117 Ohio St.3d 1250, 2005-Ohio-7152, 885 N.E.2d 245, ¶ 4. Appellant admits that any such representation would have been for a wholly unrelated matter. Most importantly, there is absolutely no indication in this record that the judge was in any way biased against Appellant. In fact, this record reveals that the trial court gave Appellant every opportunity to remain in drug court and reap the benefit of his agreement, but Appellant was seemingly indifferent to complying with the requirements of drug court.

**{¶15}** As to the length of the sentence, Appellant was warned in several judgment entries that "[t]he term of incarceration for a violation of this Order shall be the remaining balance of his original thirty (30) months of incarceration in the Penitentiary, with credit for four hundred seven (407) days served as of May 2, 2016." (5/3/16 J.E.) He was clearly aware that his violation of probation would result in the reimposition of his original sentence.

**{¶16}** Accordingly, Appellant's sole assignment of error is without merit and is overruled.

Conclusion

{¶17} Appellant argues that the trial court abused its discretion in reimposing his original prison sentence. For the reasons provided, Appellant's argument is without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**