The STATE of Ohio, Appellee,

v.

ROWBOTHAM, Appellant.

[Cite as *State v. Rowbotham,* 173 Ohio App.3d 642, 2007-Ohio-6227.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 06 MA 59.

Decided Nov. 16, 2007.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Rhys B. Cart-wright–Jones, Assistant Prosecuting Attorney, for appellee.

David H. Bodiker, Ohio Public Defender, and Sheryl Trzaska, Assistant State Public Defender, for appellant.

WAITE, Judge.

{¶ 1} Appellant, David Rowbotham, entered a guilty plea to attempted kidnapping and attempted extortion. He now appeals his conviction on the grounds that his plea was not made knowingly and intelligently because the trial judge did not specifically mention one or more constitutional rights that were affected by his agreement. Appellant is correct, and the judgment is reversed.

{¶ 2} Appellant was indicted in Mahoning County on October 21, 2004. The indictment included three counts: attempted burglary, R.C. 2911.12(A)(2), a third-degree felony; attempted kidnapping, R.C. 2905.01(A)(2), a second-degree felony; and attempted extortion, R.C. 2905.11(A)(1), a fourth-degree felony. The case was set for jury trial and postponed a number of times. On July 7, 2005, appellant entered into a Crim.R. 11 plea agreement. Appellant agreed to plead guilty to counts two and three. The state agreed to dismiss count one. A plea

hearing was held the same day, and the trial court accepted the guilty plea. The sentencing hearing took place on September 5, 2005. In a judgment entry dated September 8, 2005, the court sentenced appellant to six years in prison on the attempted-kidnapping charge and 15 months on the attempted-extortion charge. On April 17, 2006, appellant filed a pro se delayed appeal. On August 14, 2006, we accepted the delayed appeal and appointed the Ohio Public Defender's office to represent appellant.

## ASSIGNMENT OF ERROR

{¶ 3} "The trial court denied David Rowbotham his right to due process under the Fourteenth Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution, when it accepted an unknowing, unintelligent, and involuntary guilty plea."

{¶ 4} Appellant argues that a trial court may not accept a plea of guilty unless the court informs the defendant of the constitutional rights defendant is waiving by entering the plea. Appellant asserts that his plea was not made voluntarily and knowingly, because the trial judge did not discuss certain constitutional rights that were waived. Appellant also argues that Crim.R. 11(C) dictates the procedure the trial court must use when accepting a guilty plea in a felony case. Appellant asserts that the trial court must strictly comply with the requirements of Crim.R. 11(C) with respect to certain constitutional rights, which include the right against self-incrimination, the right to trial by jury, the right to confront one's accusers, the right to compulsory process to obtain witnesses in one's favor, and the right to require the state to prove guilt beyond a reasonable doubt. Appellant submits that the trial judge did not strictly follow Crim.R. 11(C), because she failed to tell appellant that he was giving up his right to compulsory process of witnesses and the right to have each element of the crime proven beyond a reasonable doubt. Appellant concludes that these omissions indicate that his plea was not made voluntarily, knowingly, or intelligently.

{¶ 5} Appellee responds in rebuttal that the state is required only to substantially comply with Crim.R. 11(C). Appellee also contends that a postsentence motion to withdraw a plea, pursuant to Crim.R. 32.1, should be granted only upon a showing of manifest injustice, and that there is no such showing here. Based on these two reasons, appellee concludes that appellant's assignment of error should be overruled. Appellee's arguments are incorrect.

{¶ 6} The Ohio Supreme Court has held that the trial court must inform the defendant of four constitutional rights before accepting a guilty plea:

{¶ 7} "1. Prior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against

compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses. (*Boykin v. Alabama* [ (1969) ], 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, followed.)" *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, at paragraph one of the syllabus. The trial court is not required to use the exact language of the constitution, but must explain the rights in a manner that is reasonably intelligible. Id. at 480, 20 O.O.3d 397, 423 N.E.2d 115.

{¶ 8} Whether the court has explained these constitutional rights to the defendant is reviewed under a strict-compliance standard, and no showing of prejudice is required in order to establish reversible error: "failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly * * *." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12; see, also, *State v. Singh* (2000), 141 Ohio App.3d 137, 140, 750 N.E.2d 598; *State v. Martinez*, 7th Dist. No. 03 MA 196, 2004-Ohio-6806, 2004 WL 2913257, ¶ 12; *State v. Green*, 7th Dist. No. 02 CA 217, 2004-Ohio-6371, 2004 WL 2726128, ¶ 10.

{¶ 9} Some courts, including this court, have further concluded that the trial judge has a constitutional duty to inform the defendant of his right to require the state to prove the elements of the crime beyond a reasonable doubt. *Singh*, 141 Ohio App.3d at 140, 750 N.E.2d 598; *Green*, 2004-Ohio-6371, 2004 WL 2726128, at ¶ 11; *State v. Roman*, 7th Dist. No. 06–MA–32, 2007-Ohio-5243, 2007 WL 2851940, ¶ 38. The Ohio Supreme Court has not yet specifically concluded that the right to proof beyond a reasonable doubt is one of the constitutional rights reviewed for strict compliance as part of a guilty plea. *State v. Sturm* (1981), 66 Ohio St.2d 483, 485, 20 O.O.3d 403, 422 N.E.2d 853, fn. 2.

{¶ 10} Crim.R. 11(C) contains certain requirements, that, if followed by the trial court, would ensure that a defendant is informed of his or her constitutional rights prior to the acceptance of a guilty plea:

{¶ 11} "(C) **Pleas of guilty and no contest in felony cases.**

{¶ 12} " * * *

{¶ 13} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 14} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 15} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 16} "(c) *Informing the defendant* and determining that the defendant understands *that by the plea the defendant is waiving the rights* to jury trial, to confront witnesses against him or her, *to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt* at a trial at which the defendant cannot be compelled to testify against himself or herself." (Emphasis added.)

{¶ 17} "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *Ballard,* supra, 66 Ohio St.2d at 479–480, 20 O.O.3d 397, 423 N.E.2d 115.

{¶ 18} Thus, when dealing with the question of the defendant's knowing and voluntary waiver of the constitutional rights listed in Crim.R. 11(C)(2)(c), the trial court's colloquy with the defendant is reviewed for strict compliance. *Green,* supra, 2004–Ohio–6371, 2004 WL 2726128, at ¶ 10. The remaining nonconstitutional aspects of Crim.R. 11(C) are reviewed for substantial compliance. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474; *State v. Stewart* (1977), 51 Ohio St.2d 86, 92, 5 O.O.3d 52, 364 N.E.2d 1163.

{¶ 19} Crim.R. 11(C)(2)(c) contains all the constitutional rights that are waived by entering a guilty plea, namely, the right to a jury trial, the right to confront witnesses, the right to compulsory process for obtaining witnesses, the right not to be forced to testify against oneself, and the right of proof beyond a reasonable doubt. Therefore, whether we are reviewing the trial court's compliance with the constitutional requirements of a knowing and voluntary guilty plea, or the trial court's compliance with the dictates of Crim.R. 11(C), the same strict-compliance standard is used with respect to the mentioned constitutional rights.

{¶ 20} The trial judge in the instant case did not inform appellant of two of the constitutional rights he was waiving: the right to compel witnesses to testify in his favor and the right to proof beyond a reasonable doubt. The plea hearing transcript contains only one sentence from the trial court concerning all of the constitutional rights appellant was waiving:

{¶ 21} "THE COURT: Do you understand by changing your plea this morning you're giving up certain substantial and constitutional rights, such as your right to trial by jury, the right to have the state prove each element of each crime against you, the right to confront witnesses who testify against you, and the right not to testify if you so desire at your trial or any other proceeding?"

{¶ 22} There is nothing in this brief recitation about appellant's right to compel witnesses to testify on his behalf or the right to proof beyond a reasonable doubt. Under the strict-compliance standard, appellant does not need to show that he suffered harm by the trial court's error. Therefore, appellant's assignment of error is sustained.

{¶ 23} Appellee argues that this case should be reviewed under the standards set for reviewing a Crim.R. 32.1 postsentence motion to withdraw a plea. Under Crim.R. 32.1, a trial court is permitted to grant a postsentence motion to withdraw a plea only if there has been a showing of manifest injustice. *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus. Crim.R. 32.1 motions are reviewed on appeal for abuse of discretion. Id. at paragraph two of the syllabus. Appellee argues that there is no showing of manifest injustice, that the trial court did not abuse its discretion, and that appellant should not be permitted to withdraw his plea.

{¶ 24} Appellant did not file a Crim.R. 32.1 motion to withdraw a plea. He argued on direct appeal that his Crim.R. 11 guilty plea was entered unknowingly and involuntarily. The vast majority of appellate cases involving Crim.R. 11 pleas do not involve a prior filing of a Crim.R. 32.1 motion to vacate the plea. If the reviewing court on direct appeal of the conviction concludes that Crim.R. 11(C) was not properly followed during the plea process, it vacates the plea and the conviction or remands the case to the trial court with an order to allow the defendant to vacate the plea. *State v. Pitts*, 159 Ohio App.3d 852, 2005-Ohio-1389, 825 N.E.2d 695; *State v. Corbin* (2001), 141 Ohio App.3d 381, 751 N.E.2d 505; *State v. Higgs* (1997), 123 Ohio App.3d 400, 409, 704 N.E.2d 308; *State v. Shields* (1997), 119 Ohio App.3d 807, 696 N.E.2d 614; *State v. Thomas* (1996), 116 Ohio App.3d 530, 688 N.E.2d 602. These cases do not mention Crim.R. 32.1 or its manifest-injustice standard, because the law surrounding Crim.R. 32.1 is not applicable to a direct appeal of a Crim.R. 11(C) error when no motion to vacate has been filed. The trial court must comply with Crim.R. 11(C) and the constitutional requirements related to the acceptance of a guilty plea. These mandates exist independently of the procedure and legal ramifications involved when a motion to vacate a plea has been filed.

{¶ 25} The trial court failed to inform appellant that he was waiving the right to compel witnesses to testify in his favor and the right to proof beyond a reasonable doubt. This failure constitutes reversible error. Appellant's Crim.R. 11 plea was not made knowingly and voluntarily, and his conviction, sentence, and plea are vacated. The cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

DONOFRIO and VUKOVICH, JJ., concur.