[Cite as *State v. Johnson*, 2019-Ohio-4541.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BOYD JOHNSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CO 0030**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2016 CR 456

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Robert Herron*, Columbiana County Prosecutor and *Atty. Alec A. Beech*, Assistant Prosecuting Attorney, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee

*Atty. Cynthia L. Henry*, P.O. Box 4332, Youngstown, Ohio 44515, for Defendant-Appellant.

Dated: November 4, 2019

**WAITE, P.J.**

**{¶1}** Appellant Boyd Johnson appeals a June 26, 2018 Columbiana County Common Pleas Court judgment entry convicting him of two counts of aggravated burglary and two counts of felonious assault. Appellant argues that the trial court failed to sufficiently inquire whether his psychotropic medications affected his ability to enter an intelligent, knowing, and voluntary guilty plea. Appellant also argues that the court failed to adequately advise him that he would receive a lifetime weapons disability. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

**{¶2}** On November 28, 2016, Appellant attempted to break into an apartment located in East Liverpool, Columbiana County. Appellant attempted to enter the apartment using a knife and, at some point, threatened the occupant. After his unsuccessful attempt to enter the apartment, he remained at the complex and attempted to enter a second apartment occupied by two other residents. Although the residents attempted to barricade their door, Appellant managed to cut the lock with his knife. While inside, he slashed one of the residents on the arm and breast and stabbed the other resident through his liver. Appellant then fled the area.

**{¶3}** Apparently, at least some of the incident was captured on videotape, presumably from a surveillance camera. At some point, law enforcement located and apprehended Appellant. He confessed to the crime after law enforcement apparently showed the video of him committing the acts, but claimed that he could not remember

<u>Case No. 18 CO 0030</u>

anything about the encounter.  Appellant admitted to police that he was under the influence of alcohol and non-prescription pills at the time.

{¶4}   On January 11, 2017, Appellant was indicted on two counts of aggravated burglary, felonies of the first degree in violation of R.C. 2911.11(A)(1), and two counts of felonious assault, felonies of the second degree in violation of R.C. 2903.11(A)(2).  Two competency evaluations were conducted.  Both concluded that Appellant was competent to stand trial.  On March 6, 2019, Appellant pleaded guilty to the offenses as charged.  At the plea hearing, Appellant revealed that he was taking several psychotropic medications to treat posttraumatic stress disorder, bipolar disorder, and schizophrenia.

{¶5}   The trial court held a bifurcated sentencing hearing after both sides requested to present statements from witnesses and a date could not be reached where everyone could appear on the same date.  The trial court held the first part of the hearing on June 8, 2018, where the prosecutor presented a statement from a representative for one of the victims.  It was revealed during this statement that one of the stabbing victims had endured six operations as of the date of the hearing, and expected to undergo at least three more in the future.  The trial court held the second part of the hearing on June 25, 2018, where Appellant made a statement on his own behalf.  It was discussed that Appellant had a criminal record consisting of violent misdemeanors, and the state recommended an aggregate sentence of nine years of incarceration.  Appellant countered by requesting a four-year sentence.

{¶6}   The trial court sentenced Appellant to an aggregate total of nine years of incarceration.  The court imposed a mandatory five-year postrelease control term and

advised Appellant of his lifetime weapons disability. Appellant was given 560 days of jail-time credit. It is from this sentencing entry that Appellant timely appeals.

<u>Guilty Plea</u>

{¶7} Both of Appellant's assignments of error contest aspects of the Crim.R. 11 plea hearing. Guilty pleas are governed by Crim.R. 11. Pursuant to Crim.R. 11(C)(2), the trial judge must enter into a colloquy with a defendant to review the rights that a defendant gives up as a result of a guilty plea and the consequences of such plea.

{¶8} "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *State v. Rowbotham,* 173 Ohio App.3d 642, 2007-Ohio-6227, 879 N.E.2d 856, ¶ 17 (7th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). A defendant who lacks the ability to understand the nature and object of the proceedings is unable to enter into a plea knowingly, intelligently, and voluntarily. *State v. Doak,* 7th Dist. Columbiana Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶ 15.

{¶9} As part of the colloquy, the trial court is required to advise the defendant of certain constitutional and nonconstitutional rights. The constitutional rights are outlined within Crim.R. 11(C)(2), and include the right to: a jury trial, confront witnesses against him, have a compulsory process for obtaining witnesses in his favor, and require the state to prove all elements beyond a reasonable doubt at a trial where the defendant cannot be compelled to testify against himself. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *State v. Bell*, 7th

Dist. Mahoning No. 14 MA 0017, 2016-Ohio-1440, ¶ 9, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 31; *Ballard*, *supra*, at 477.

{¶10} The trial court must also advise a defendant of his nonconstitutional rights: the nature of the charges; the maximum penalty the defendant is subject to, including postrelease control, if applicable; whether the defendant is eligible for probation or community control sanctions; and that a trial court may immediately proceed to sentencing after the plea is accepted. *Bell* at ¶ 10. Unlike the constitutional rights, a trial court need only substantially comply with these requirements. *Id.* "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Bell* at ¶ 10, citing *Veney* at ¶ 15. If the trial court does not substantially comply with the advisement of a defendant's nonconstitutional rights, the defendant must demonstrate a prejudicial effect in order to invalidate the plea. *Id.*

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE TRIAL COURT COMMITTED PLAIN ERROR IN ACCEPTING APPELLANT JOHNSON'S GUILTY PLEA WITHOUT CONDUCTING A SUFFICIENT INQUIRY INTO WHETHER HIS PSYCHOTROPIC MEDICATIONS PREVENTED HIM FROM KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTERING A GUILTY PLEA.

{¶11} At the plea hearing, Appellant informed the trial court that he was taking the following medications: Cymbalta, Seroquel, and Mebaral. He stated that the medications were prescribed to treat posttraumatic stress disorder, bipolar disorder, and

schizophrenia. Despite his revelation, he argues that the trial court did not inquire as to whether these medications affected his ability to enter into an intelligent, knowing, and voluntary plea. Appellant claims that the trial court only asked him whether he was taking the medications as prescribed before accepting his plea.

{¶12} In response, the state notes that there are no specific requirements that a trial court is bound to when conducting the colloquy. Here, the trial court judge asked Appellant if he was taking the medications as prescribed and told Appellant multiple times the court wanted to ensure that Appellant's medications were not affecting his ability to understand the proceedings. Appellant consistently replied that he understood the proceedings and that he sought to change his plea from not guilty to guilty. The state contends that several Ohio appellate courts have upheld similar colloquys.

THE COURT: Are you currently taking any medication?

[APPELLANT]: Yes, Your Honor.

THE COURT: What medication are you taking?

[APPELLANT]: Cymbalta -- post-traumatic stress disorder -- Seroquel and Mebaral.

THE COURT: All right. Are you taking those medications as prescribed?

[APPELLANT]: Yes, Your Honor.

THE COURT: Are you taking any other medications, [Appellant], that you're aware of?

[APPELLANT]:  No, Your Honor.

THE COURT:  Are you under the care of a physician for any other medical issue?

[APPELLANT]:  Yes, Your Honor.

THE COURT:  And can you briefly tell me what the medical issues are?

[APPELLANT]:  The ones I know of is bi-polar -- I don't know. Schizophrenia, anti- -- my Seroquel is anti-psychotic meds.

THE COURT:  All right.

[APPELLANT]:  And my Cymbalta is depression, and I have no other -- what else he has written down what I have so.

THE COURT:  Okay.  Do you receive counseling through the Counseling Center?

[APPELLANT]:  No, Your Honor.

THE COURT:  All right.  Do you receive --

[APPELLANT]:  I do receive counseling.  I go to the -- I have been going to the Counseling Center for like 16 years.

THE COURT:  Okay.  Are you continuing that counseling now?

[APPELLANT]: Yes, Your Honor.

THE COURT: Okay, thank you. [Appellant], the point of my questions are to determine if there is anything that prevents you from understanding what we're doing here today or what we're talking about here today, including the medications that you're taking.

[APPELLANT]: No, Your Honor.

THE COURT: In other words, you understand why we're here and what we're talking about and what we're doing here today.

[APPELLANT]: Yes, Your Honor.

THE COURT: And what we're talking about is you're changing your plea and entering pleas of guilty as outlined in the Felony Plea Agreement; do you understand that?

[APPELLANT]: Yes, Your Honor.

(3/5/18 Plea Hearing Tr., pp. 5-7.)

{¶13} The parties cite to several cases involving a defendant who was under the influence of a psychotropic drug at the time of the plea hearing. However, there are more recent cases available that are more closely on point with the instant case.

{¶14} Generally, "a defendant is presumed to be competent and has the burden of rebutting that presumption." *State v. Kopras,* 7th Dist. Jefferson No. 17 JE 0007, 2018-Ohio-2774, ¶ 27, citing *State v. Filiaggi,* 86 Ohio St.3d 230, 236, 714 N.E.2d 867 (1999);

R.C. 2945.37(G). "[A] defendant's plea is not void solely because he may be taking medication." *Kopras* at ¶ 27, citing R.C. 2945.37(F).

**{¶15}** In a Sixth District case, the trial court and the defendant discussed the psychotropic medications that the defendant was taking at the time of the plea hearing. *State v. Parks,* 6th Dist. Lucas No. L-18-1138, 2019-Ohio-2366, ¶ 11. During the colloquy, the defendant informed the court that he suffered from a variety of mental health issues, including bipolar disorder, anxiety, severe depression, and ADHD. The defendant also stated that he was taking several unnamed medications to address these disorders. The trial court inquired as to whether he was taking the medications as prescribed by his doctor, and the defendant responded yes. The trial court did not conduct any further inquiries into the defendant's mental health.

**{¶16}** On appeal, the Sixth District held that the defendant's history of mental health issues, alone, was insufficient to render his plea involuntary. *Id.* at ¶ 13. The *Parks* court explained that the defendant actively participated in the plea hearing, acknowledged the rights he would be giving up by virtue of his plea and the potential sentence that he faced. The court also noted that there was no evidence that he did not understand the proceedings or that his mental health issues affected him in any way at the hearing.

**{¶17}** In an Eighth District case, the defendant informed the trial court at the plea hearing that he had voluntarily stopped taking prescribed psychotropic medication. *State v. Haynesworth,* 8th Dist. Cuyahoga No. 106671, 2018-Ohio-4519, ¶ 14. On appeal, the defendant argued that the trial court was required to conduct an additional inquiry into his mental state after his statement. The *Haynesworth* court held that the trial court's inquiry

was sufficient as it asked the defendant whether his failure to take his medication affected his ability to understand the proceedings. *Id.* at ¶ 23.

**{¶18}** The instant case is closely aligned with *Parks.* In both cases, the trial court asked what mental health problems the defendant suffered from and whether the defendant was taking the psychotropic medications as prescribed. The trial court went a step further in the instant case as it inquired whether Appellant was under a doctor's care, which he was, and whether he was engaged in counseling, which he had been for the past sixteen years.

**{¶19}** In contrast, the defendant in *Haynesworth* acknowledged that he was not taking his medications and the court still found that he was able to intelligently, knowingly, and voluntarily enter a plea. Here, Appellant stated that he was taking his medications as prescribed. Additionally, the trial court informed Appellant that it was trying to determine whether his mental state and his medication interfered with his ability to understand the proceedings. Appellant stated that it did not.

**{¶20}** Even aside from the trial court's questioning in this matter, there is nothing within this record to suggest that Appellant did not understand the proceedings. He actively participated in the hearing and indicated that he understood the rights that he was giving up and the possible sentence that he faced. As Appellant has not rebutted the presumption that he was competent, his first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO ADVISE APPELLANT JOHNSON OF ALL OF THE

CONSTITUTIONAL RIGHTS, HE WAS WAIVING BY ENTERING A PLEA

OF GUILTY.

{¶21} Appellant argues that a trial court is required to inform a defendant who is facing a weapons disability that a guilty plea "waives" his Second Amendment right to bear arms. Appellant contends that the trial court did not advise him that by making his guilty plea he would relinquish his right to bear arms.

{¶22} The state points out that there is no statute or caselaw that requires a trial court to advise a defendant that a guilty plea will affect his Second Amendment rights. Regardless, the state argues that the trial court informed Appellant at the plea hearing that he would be placed under a weapons disability as a result of his plea under state and federal law. Appellant responded that he understood.

{¶23} Although the notification of a weapons disability is not specifically listed as either a constitutional or nonconstitutional right within Crim.R. 11(C), it is part of the possible punishment that a defendant faces. Thus, the advisement appears to fall within the notification of a defendant's nonconstitutional rights. A trial court need only substantially comply with a nonconstitutional right notification. There is no statute or caselaw that specifies precisely how a court must advise a defendant regarding a weapons disability. We note that Appellant does not object to any other aspect of his Crim.R. 11 advisements.

{¶24} Here, the following conversation occurred between the trial court and Appellant at the plea hearing:

THE COURT: If you are convicted of a felony offense, you would be placed under a weapons disability under Ohio and Federal law; do you understand that?

[APPELLANT]: Yes, Your Honor.

(3/5/18 Plea Hearing Tr., p. 14.)

{¶25} Appellant does not specify the alleged deficiency in this advisement. We can glean from his brief that he believes that a trial court must specifically explain that a weapons disability is a waiver of his Second Amendment rights. Without any precedent suggesting that a trial court must specifically advise a defendant that a weapons disability affects his Second Amendment rights, we are guided by the definition of substantial compliance. Again, substantial compliance "means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Bell* at ¶ 10, citing *Veney* at ¶ 15.

{¶26} At the plea hearing, Appellant stated that he understood he would be subject to a lifetime weapons disability pursuant to state and federal law. There is nothing within this record to suggest that he did not understand this advisement. Importantly, at no point, including during this appeal, does Appellant claim that he did not understand the weapons disability. Thus, even if he could show that the trial court did not substantially comply with the advisement, he cannot demonstrate prejudice.

{¶27} As there is no statutory law or caselaw stating that a trial court must advise a defendant of a weapons disability with specificity, and Appellant has not shown prejudice, his second assignment of error is without merit and is overruled.

<u>Conclusion</u>

**{¶28}** Appellant argues that the trial court failed to sufficiently inquire as to whether several medications affected his ability to enter an intelligent, knowing, and voluntary guilty plea. Appellant also argues that the court failed to adequately advise him that he would receive a lifetime weapons disability. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

D'Apolito, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**