[Cite as *State v. Tinker*, 2020-Ohio-3148.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DEMETRIUS TINKER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 MA 0079

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 18 CR 1168

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor*,* and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Cynthia Henry,* P.O. Box 4332, Youngstown, Ohio 44515, for Defendant-Appellant.

Dated: May 29, 2020

**D'Apolito, J.**

{¶1} Appellant Demetrius Tinker appeals his conviction and sentence by the Mahoning County Court of Common Pleas following his guilty plea for one count of burglary in violation of R.C. 2911.12(A)(2)(D), a felony of the second degree. He argues that his plea was not knowingly, intelligently, and voluntarily entered, because the trial court did not inform him of the elements of the crime at the plea hearing. He further argues that his sentence was the result of judicial bias. Because Appellant acknowledged in his signed plea agreement and at the plea hearing that he understood the elements of his crime, and as claims of judicial bias are the sole province of the Ohio Supreme Court, Appellant's conviction and sentence are affirmed.

{¶2} Appellant was indicted for one single count of burglary on December 27, 2018. On February 6, 2019, Appellant entered into a written plea agreement with the state, in which the state agreed to recommend a sentence of six years, and Appellant reserved the right to argue for a lesser sentence. At the sentencing hearing, the state explained that an offer of an agreed sentence of four years was rejected by Appellant, despite the fact that Appellant had been made aware that the state intended to recommend a six-year sentence.

{¶3} According to statements made at the sentencing hearing, Appellant burglarized the residence of an 89-year-old woman, who saw him enter her home through a side door that leads into her kitchen. The victim's purse was on the kitchen table because she had just returned from daily mass. Appellant took the purse from the kitchen table and fled through the same side door.

{¶4} The victim followed Appellant and observed him entering a neighbor's residence located on the opposite side of the street. The victim returned to her home, called the police, and provided both a description of Appellant and his last known whereabouts. Another neighbor provided the same information to the police.

{¶5} When the police arrived and knocked at the door of the residence where Appellant was last seen, a female occupant told them that she was alone in the house. After some conversation, she admitted that Appellant was also in the house. When the police entered the residence, Appellant admitted to burglarizing the victim's home and

taking her purse, which was recovered intact. The female occupant, who was Appellant's girlfriend, was later charged with obstruction of justice for initially misleading law enforcement.

{¶6}    Although Appellant had no felony record at the time of sentencing, he had a lengthy misdemeanor record, including theft, obstruction, disorderly conduct, petty theft, and possession of drug paraphernalia.  Appellant's counsel requested a community control sanction, which included drug rehabilitation, based on Appellant's long-standing struggle with drug addiction.

{¶7}    Appellant's counsel explained that Appellant's "whole life [had] been a period of being clean then relapsing, and he is somebody that, absent his addiction, he probably would not have a criminal history." (Sentencing Hrg., p. 7.) Appellant, who was a trustee at the jail, expressed remorse for his actions, which he characterized as a mistake.  At the end of his allocution, Appellant asked for a second chance.

{¶8}    Unmoved, the trial court observed that "burglary of an elderly person * * * is the worst thing that you can do short of killing somebody."  (Id., p. 9.)  The trial court further observed that a person's home is the one place where that person should feel safe and secure.  Prior to imposing the sentence, the trial court stated:

> In my day, as a bailiff and a lawyer, that was a penalty for which you could get three, four -- two, three, four, or five to fifteen years.  And that's what the crime should be.  It's something that people should spend a long time in the penitentiary for.  Burglary ain't a mistake like you characterize it.  * * * So now when this woman comes home at night, she either has to have a dog or a flashlight or a gun or a friend or a cop or somebody or something with her so that she can defend herself against who the next person [sic] might be breaking into her house.  There may never be another person.  It may be the boogieman, but in her mind somebody's in that house. She'll never know for sure.  She's always got to wonder if somebody's waiting behind the door.

(Id., p. 10-11.)  Later in the sentencing hearing, the trial court informed Appellant that "[i]f [Appellant] broke into [the trial judge's residence], [the trial judge] would shoot

[Appellant.]" (*Id.,* p. 14.)

{¶9} The trial court imposed a six-year sentence, which is within the range of sentences for a second-degree felony. This timely appeal followed.

## ASSIGNMENT OF ERROR NO. 1

**THE APPELLANT'S PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE.**

{¶10} Guilty pleas are governed by Crim.R. 11. Pursuant to Crim.R. 11(C)(2), the trial judge must engage in a colloquy with a defendant to review the rights that the defendant is waiving as a result of the guilty plea, and the consequences of the plea. "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *State v. Rowbotham*, 173 Ohio App.3d 642, 2007-Ohio-6227, 879 N.E.2d 856, ¶ 17 (7th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶11} As part of the colloquy, the trial court is required to advise the defendant of certain constitutional and nonconstitutional rights. The constitutional rights are outlined in Crim.R. 11(C)(2) and include: the right to a jury trial, to confront witnesses against him, have a compulsory process for obtaining witnesses in his favor, and require the state to prove all elements beyond a reasonable doubt at a trial where the defendant cannot be compelled to testify against himself. *State v. Bell*, 7th Dist. Mahoning No. 14 MA 0017, 2016-Ohio-1440, ¶ 9, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19-21; *Ballard*, supra, at 477. The trial court must strictly comply with informing the defendant of these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Bell* at ¶ 9, citing *Veney* at ¶ 31; *Ballard* at 477.

{¶12} The trial court must also advise a defendant of his nonconstitutional rights: the nature of the charges; the maximum penalty the defendant is subject to, including postrelease control, if applicable; whether the defendant is eligible for probation or community control sanctions; and that a trial court may immediately proceed to sentencing after the plea is accepted. *Bell* at ¶ 10. Unlike the information required

regarding constitutional rights, a trial court need only substantially comply with these requirements. *Id.* "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Bell* at ¶ 10, citing *Veney* at ¶ 15.

**{¶13}** A complete failure to advise of one of the non-constitutional rights requires the vacation of the plea without an analysis of prejudice. *State v. Cruz-Ramos*, 7th Dist. Mahoning No. 17 MA 0077, 2019-Ohio-779, 132 N.E.3d 170, ¶ 11. However, if the court's advisement on a non-constitutional right is considered partial compliance with the rule, then the plea cannot be vacated unless the defendant demonstrates prejudice. *Id.*

**{¶14}** Civ.R. 11(C)(2)(a) provides only that the court shall determine that the defendant has an understanding of the nature of the charges. It does not require a verbal explanation by the court, but merely for the court to be satisfied that the defendant in fact understands the charges. *Id.* We have repeatedly recognized that a defendant can obtain the actual elements of the charged offense from "whatever source, be it the trial court, the prosecutor, or some other source." *State v. Harris*, 7th Dist. Mahoning No. 08 MA 0030, 2008-Ohio-6298, ¶ 22, citing *State v. Johnson,* 7th Dist. Mahoning No. 07 MA 0008, 2008-Ohio-1065, ¶ 8.

**{¶15}** Appellant's signed plea agreement reads, in pertinent part, "COUNSEL HAS ADVISED ME AND I FULLY UNDERSTAND THE NATURE OF THE CHARGE(S) AGAINST ME AND THE ELEMENTS CONTAINED THEREIN." (2/6/2019 Plea Agreement, p. 1.) At the plea hearing, the trial court inquired, "Do you understand the nature of the charge and all the elements contained within it?" Appellant responded, "Yes, sir." (2/6/19 Plea Hrg., p. 3.)

**{¶16}** In *State v. Johnson*, *supra,* we recognized the validity of a guilty plea where the plea agreement contained the identical averment quoted above. *Id.* at ¶14-15. Appellant cites *Johnson, supra,* but contends in error that "Appellant [ ] did not sign a document stating that his attorney advised him and he fully understood the nature of the charge and the elements of those charges." (Appellant's Brf., p. 8.) Because Appellant's first assignment of error is based on an incorrect factual argument, and the acknowledgement in the plea agreement is identical to the acknowledgement in the plea agreement in *Johnson, supra,* we find that the first assignment of error has no merit.

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT WAS BIASED AGAINST THE APPELLANT AND DEPRIVED HIM OF A FAIR SENTENCING HEARING.**

**{¶17}** It is well established that a criminal defendant who is tried before a biased judge has been denied due process. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34, citing *Rose v. Clark*, 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); *Tumey v. Ohio*, 273 U.S. 510, 534, 47 S.Ct. 437, 71 L.Ed. 749 (1927). Judicial bias is defined as:

> a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and facts.

*State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, 73 N.E.3d 414, ¶ 33 (2016), quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus.

**{¶18}** However, an appellate court does not have authority to disqualify a trial court judge or to void the judgment of a trial court judge based on a claim of judicial bias. *State v. Baker*, 7th Dist. Belmont No. 18 BE 0018, 2019-Ohio-1807, ¶ 13, citing *Paparodis v. Snively*, 7th Dist. Columbiana No. 06-CO-5, 2007-Ohio-6910, ¶ 48, citing *State v. Ramos*, 88 Ohio App.3d 394, 398, 623 N.E.2d 1336, (9th Dist.1993). "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *Id.* citing *Jones v. Billingham*, 105 Ohio App.3d 8, 11, 663 N.E.2d 657 (2d Dist.1995), citing Section 5(C), Article IV, Ohio Constitution; *Adkins v. Adkins*, 43 Ohio App.3d 95, 539 N.E.2d 686 (4th Dist.1988).

**{¶19}** Even assuming that Appellant's bias claim was properly before us, the trial court did not demonstrate bias against Appellant. We have recognized that "opinions formed by the judge on the basis of facts in the record do not constitute a basis for a bias or partiality motion unless they display a deep[-]seated antagonism that would make fair

judgment impossible." *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 26, citing *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 49.

**{¶20}** We further observed in *Power* that "critical, disapproving, or even hostile statements ordinarily do not support a bias or partiality challenge". *Id.* We cited with favor cases from other districts holding that reversible error has not occurred where a sentencing judge, in explaining his sentence, makes critical statements about a defendant's conduct based upon the facts of the case presented to the court. *Id.* at ¶ 27, citing *State v. Cemino*, 2d Dist. Montgomery No. 24442, 2011-Ohio-5690, ¶ 8, 18-20 (scolding defendant and characterizing what he did as nasty, despicable, disgusting, and awful was not indicative of bias); and *State v. Coomer*, 12th Dist. Clinton Nos. CA2009-09-016, CA2009-09-017, 2010-Ohio-3474, ¶ 18 (trial court's statement that the defendant was a psychopath may have been ill-advised, but it was not reversible).

**{¶21}** Here, the trial court's sentence was based on the underlying circumstances of the crime, particularly the age of the victim, rather than any apparent bias against Appellant. The record reflects that the sentence imposed was based on the law and the facts adduced at the sentencing hearing.

**{¶22}** In summary, the Chief Justice of the Supreme Court has exclusive jurisdiction in regard to judicial disqualification, and, therefore, we find that the second assignment of error was improperly raised here. Even assuming arguendo that we have the authority to consider the claim, we find that no evidence of bias against Appellant is in the record.

## CONCLUSION

**{¶23}** For the foregoing reasons, we find that Appellant's guilty plea was knowing, intelligent, and voluntary, and that the claim of bias was not properly raised. Accordingly, Appellant's conviction and sentence are affirmed.

Donofrio, J., concurs.

Robb, J., concurs.

Case No. 19 MA 0079

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**