[Cite as *State v. Wells*, 2021-Ohio-2343.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHO,

Plaintiff-Appellee,

v.

SHANIA CHEYANNE WELLS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 BE 0036**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20 CR 39

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed in Part, Reversed in Part and Modified

---

*Atty. J. Kevin Flanagan*, Courthouse Annex 1, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. John Jurco*, P.O. Box 783, St. Clairsville, Ohio 43950, for Defendant-Appellant.

Dated:

June 28, 2021

**Donofrio, J.**

{¶1}    Defendant-appellant, Shania Wells, appeals from a Belmont County Common Pleas Court judgment imposing a maximum sentence on a charge of felony cruelty against companion animals, following her guilty plea, and ordering her to serve the sentence consecutive to a sentence she was already serving for a probation violation in an unrelated case.

{¶2}    On January 9, 2020, humane officers investigated the farm property where appellant and her mother resided.  Charges of animal cruelty were brought against appellant and her mother.

{¶3}    On February 11, 2020, appellant was sentenced to 18 months in jail on a probation violation in a previous, unrelated misdemeanor case involving cruelty to animals.

{¶4}    On March 5, 2020, a Belmont County Grand Jury indicted appellant on three counts of cruelty against companion animals, fifth-degree felonies in violation of R.C. 959.131(C)(E)(2), and two counts of cruelty to animals, second-degree misdemeanors in violation of R.C. 959.13(A)(1)(D).  Appellant initially entered a not guilty plea to the charges.

{¶5}    After negotiations with plaintiff-appellee, the State of Ohio, on November 2, 2020, appellant changed her plea to guilty on the first count of felony cruelty against companion animals.  In exchange, the state agreed to dismiss the remaining four counts.  The trial court accepted appellant's plea, ordered a presentence investigation, and scheduled the matter for sentencing.

{¶6}    At the November 13, 2020 sentencing hearing, the trial court sentenced appellant to a maximum 12-month sentence.  It ordered appellant to serve her felony prison term after she completed the misdemeanor jail sentence she was currently serving on the unrelated probation violation.  The court also ordered that appellant was prohibited from being around, owning, or controlling any animals for life and ordered appellant to pay restitution in the amount of $435.

Case No. 20 BE 0036

{¶7} Appellant filed a timely notice of appeal on December 10, 2020. This court granted appellant's motion to give this appeal expedited consideration given the fact that her felony sentence would likely expire prior to the appeal's conclusion.

{¶8} Appellant's first assignment of error states:

THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A CONSECUTIVE SENTENCE.

{¶9} Appellant contends the trial court erred in ordering her to serve her prison sentence consecutive to the jail sentence she was already serving. She contends that pursuant to R.C. 2929.41(A), a jail sentence for a misdemeanor is to be served concurrent with a prison sentence for a felony.

{¶10} When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 ¶ 1.

{¶11} R.C. 2929.41(A) provides:

Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution.

The exceptions referred to are for offenses involving pandering sexually oriented material of a minor, escape, possession of a deadly weapon while under detention, driving under suspension, operating a vehicle while under the influence, and vehicular homicide and assault. R.C. 2929.41(B)(1)(3). None of those exceptions apply in this case.

Case No. 20 BE 0036

{¶12}   Appellant relies on *State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, in support of her argument.   In *Polus*, Polus was first convicted of misdemeanor receiving stolen property and felony receiving stolen property.   The trial court sentenced him to serve an 11-month prison term for the felony and a six-month term for the misdemeanor consecutively.   In a second, separate case, Polus was convicted of two felony counts of receiving stolen property. The trial court imposed two 11-month prison terms for these convictions and ordered Polus to serve them consecutively to one another and consecutive to the terms imposed in the first case.

{¶13}   Polus appealed arguing that a sentencing order requiring a jail term for a misdemeanor to be served consecutively to a prison sentence for a felony is contrary to R.C. 2929.41(A).  The Sixth District agreed and reversed the trial court's sentencing order insofar as the misdemeanor jail term was consecutive to the felony prison term and modified the sentence to run those terms of confinement concurrently.   The court then certified its holding to the Ohio Supreme Court as being in conflict with the Fifth and Eighth Districts.  The Supreme Court accepted the certified question:  "Whether a trial court may impose consecutive sentences for felony and misdemeanor convictions under R.C. 2929.41(B)(1)."  *Id.* at ¶ 1.

{¶14}   The Supreme Court answered the certified question in the negative and affirmed the Sixth District's decision reasoning:

> We find no ambiguity in R.C. 2929.41 regarding the issue that we resolve today. The first sentence of R.C. 2929.41(A) enacts the general rule requiring concurrent sentencing with only clearly delineated exceptions, including the provisions in R.C. 2929.41(B) and other statutes not applicable to this matter. The second sentence of R.C. 2929.41(A) creates a more specific rule that speaks directly to the certified question in this matter: subject only to the exceptions stated in R.C. 2929.41(B)(3), a trial court must impose concurrent sentences for felony and misdemeanor convictions.

*Id.* at ¶ 10. Thus, the Supreme Court clearly has held that, subject to certain statutory exceptions, a trial court must order concurrent sentences for a felony and a misdemeanor conviction.

{¶15} On the other hand, the state relies on *State v. Lee*, 12th Dist. Butler No. CA2014-03-076, 2015-Ohio-1760. In that case, Lee was first convicted of a felony, sentenced to community control, and notified that a violation of community control would result in a 12-month prison term. A year later, Lee was convicted of two misdemeanors and again sentenced to community control with 90 and 180-day jail sentences suspended. When the trial judge from the first case learned that Lee had violated the terms of his community control by committing the two misdemeanors, he revoked Lee's community control and sentenced him to serve an 11-month prison sentence on the violation with credit for days served. Then the trial judge in Lee's misdemeanor case then found Lee had violated the terms of his community control in that case. The judge revoked Lee's community control and imposed the suspended jail terms of 90 and 180 days. The judge ordered Lee to serve the 90-day and 180-day jail sentences for the community control violation in the misdemeanor case concurrent with one another, but consecutive to the 11–month prison sentence for Lee's violation of community control in the felony case. Lee appealed arguing it was improper for the trial court to impose a jail term for violation of his community control arising from his misdemeanor convictions consecutive to his community control violation sentence arising from his felony conviction. He relied on R.C. 2929.41.

{¶16} On appeal, the Twelfth District found that R.C. 2929.41 was not relevant based on the specific facts of the case and their decision in *State v. Richter*, 12th Dist. Clermont No. CA2014-06-040, 2014-Ohio-5396. *Id.* at ¶ 7. The court pointed out that in *Richter*, it held that R.C. 2929.41 is not applicable when the sentence imposed is for the violation of the terms of community control and not the underlying offense. *Id.*, citing *Richter*, at ¶ 8. It noted that it "emphasized that 'it is well-established that any penalty imposed for violating a condition of one's community control sanctions is a punishment for that violation and not for the original underlying offense.'" *Id.*, quoting *Richter* at ¶ 8. The court stated that "a community control violation is considered neither a misdemeanor nor a felony." *Id.* The court went on to reason that nothing within R.C. 2929.25(D),

regarding the consequences of violating a condition of one's misdemeanor community control sanctions, prohibited the sentencing court from ordering the sentence to be served consecutively to any other jail term or sentence of imprisonment. *Id.* at ¶ 8, citing *Richter* at ¶ 10.

**{¶17}** Thus, the court found that because R.C. 2929.25(D) does not prohibit the imposition of consecutive sentences, the imposed jail terms did not exceed the maximum jail terms for the underlying offenses, and R.C. 2929.41 did not apply to community control violation sentences, the trial court had the discretion to impose a consecutive sentence. *Id.* at ¶ 9.

**{¶18}** Nonetheless, the court went on to find that because the trial court failed to make the R.C. 2929.14(C)(4) consecutive sentencing findings, it erred in imposing consecutive sentences. *Id.* at ¶ 14. Thus, the court vacated Lee's consecutive sentences and remanded the matter to the trial court.

**{¶19}** In this case, the only mention the trial court made at the sentencing hearing that can be construed as ordering appellant to serve her felony prison sentence consecutive to the probation violation sentence she was already serving was as follows: "Defendant is to be returned to the Belmont County jail [sic.] at which time she will be transported to the prison system, after her term of incarceration is completed for any local county courts." (Sentencing Tr. 8-9). The only mention in the sentencing judgment entry is: "This sentence shall run consecutive to the sentence she is currently serving imposed by The Honorable Eric Costine in Western Division Court."

**{¶20}** The trial court erred in ordering appellant to serve her felony prison sentence consecutive to the probation violation sentence on a misdemeanor that she was already serving.

**{¶21}** First, in *Polus*, the Ohio Supreme Court noted that the general rule requiring concurrent sentences absent a clearly delineated exception was contained in the first sentence of R.C. 2929.41(A). That first sentence states that absent an exception, "a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). It makes no exception or distinction for the situation in this case, where one of the sentences is for a probation

violation. Thus, the court's finding in *Lee*, 2015-Ohio-1760, that R.C. 2929.41 is not applicable when the sentence imposed is for the violation of the terms of community control is misplaced. *Polus* controls here.

**{¶22}** Second, and alternatively, even if we were to find that the trial court was authorized to impose a felony sentence to be served consecutive to an already-imposed probation violation sentence on a misdemeanor, the trial court failed to make any of the consecutive sentencing findings at the sentencing hearing or in the judgment entry as required by R.C. 2929.14(C)(4). In fact, at the sentencing hearing, the trial court did not even use the word "consecutive" in sentencing appellant.

**{¶23}** Accordingly, appellant's first assignment of error has merit and is sustained.

**{¶24}** Appellant's second assignment of error states:

> THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A
> MAXIMUM SENTENCE.

**{¶25}** Here appellant argues the trial court abused its discretion in imposing maximum sentences. She contends that the majority of the aggravating factors do not support maximum sentences. She also contends that her depression and substance abuse qualify as mitigating circumstances. And appellant asserts her mother/co-defendant pleaded guilty to two other felony counts of animal cruelty and she indicated that appellant was not supposed to be taking care of the animals.

**{¶26}** Initially, we should note that appellant argues the trial court abused its discretion in sentencing her to maximum sentences. But abuse of discretion is not the proper standard of review for sentencing matters. As set out above, we must uphold a felony sentence unless the evidence clearly and convincingly does not support the trial court's findings under the sentencing statutes or the sentence is otherwise contrary to law. *Marcum*, 2016-Ohio-1002, at ¶ 1. Additionally, this court recently discussed the Ohio Supreme Court's most recent comments on felony sentencing review:

> The Ohio Supreme Court recently addressed review of felony
> sentences in *State v. Jones*, -- Ohio St.3d --, 2020-Ohio-6729, -- N.E.3d --.

> The *Jones* Court clarified the standard of review for felony sentences that was previously announced in *Marcum*. *Marcum* held "that R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' " *Marcum*, supra, ¶ 22. The *Jones* Court did not overrule *Marcum* but clarified dicta to reflect that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, supra, at ¶ 42.

*State v. McGarry*, 7th Dist. Belmont No. 19 BE 0049, 2021-Ohio-1281, ¶ 18.

**{¶27}** Appellant was convicted of a fifth-degree felony. The possible prison sentences for a fifth-degree felony are six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). Thus, appellant's 12-month prison sentence was the maximum sentence authorized by statute.

**{¶28}** In sentencing a felony offender, the trial court must consider the seriousness and recidivism factors set out in R.C. 2929.12(B)(C)(D)(E). In sentencing an offender to a maximum sentence, however, the court is not required to make any specific findings before imposing a maximum sentence. *State v. Riley,* 7th Dist. Mahoning No. 13 MA 180, 2015-Ohio-94, ¶ 34.

**{¶29}** At the sentencing hearing, the trial court stated that it reviewed the principles and purposes of sentencing pursuant to R.C. 2929.11 and R.C. 2929.12, correspondence from appellant, correspondence from the humane officer, and the presentence investigation (PSI). (Sentencing Tr. 3). The court then read from the PSI, noting the following. Two dogs were hungry and thin. (Sentencing Tr. 3). A third dog was found deceased and emaciated. (Sentencing Tr. 4). Two dead calves were found. (Sentencing Tr. 4). Old bones from an unknown animal were found. (Sentencing Tr. 4). There were remnants of an animal without hooves. (Sentencing Tr. 4). An emaciated cat was found. (Sentencing Tr. 4). A small deer was stuffed in a bucket. (Sentencing Tr.

5).  The two surviving dogs had various problems including hookworms, roundworms, no muscle tone, and starvation.  (Sentencing Tr. 5).  The court also noted several comments from the humane officer.  She stated that at appellant and her mother's farm, the officers found over 60 dead animals.  (Sentencing Tr. 6).  She stated that the farm was called the "farm of death."  (Sentencing Tr. 6).

**{¶30}**  In sentencing appellant to a maximum 12-month prison term, the court noted that in accordance with the law, it was presumed that prison time was not necessary to comply with the principles and purposes of sentencing.  (Sentencing Tr. 9-10).  But it found that mere community control sanctions were not consistent in this case with the principle and purposes of sentencing despite the fact that none of the statutory aggravating factors were present.  (Sentencing Tr. 9-10).

**{¶31}**  In sum, appellant's maximum sentence is not contrary to law nor is there clear and convincing evidence that does not support the trial court's findings.

**{¶32}**  Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶33}**  For the reasons stated above, the trial court's judgment is affirmed as to the maximum sentence.  It is reversed as to the consecutive sentence.  Appellant's sentence is modified to reflect that her 12-month prison sentence is to be served concurrent to her misdemeanor sentence on the probation violation.

Waite, J., concurs.
D'Apolito, J., concurs.

Case No. 20 BE 0036

_____

For the reasons stated in the Opinion rendered herein, the first assignment of error has merit and is sustained. The second assignment of error is without merit and is overruled. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed as to the maximum sentence. It is reversed as to the consecutive sentence. Appellant's sentence is modified to reflect that her 12-month prison sentence is to be served concurrent to her misdemeanor sentence on the probation violation. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court and the Belmont County Jail, to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**