[Cite as *State v. Henderson*, 2024-Ohio-4854.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DA'QWANN R'AMON HENDERSON AKA DAQUAN RAMON HENDERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0122**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2023 CR 00190

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Convictions Affirmed.
Sentence Partially Vacated.
Reversed and Remanded.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor and *Atty. Edward A. Czopur*, Assistant Prosecutor, for Plaintiff-Appellee

*Atty. Christopher Bazeley*, for Defendant-Appellant

Dated: September 18, 2024

---

**WAITE, J.**

**{¶1}** Appellant Da'Qwann R'amon Henderson, also known as Daquan Ramon Henderson, appeals an October 20, 2023 judgment entry of the Mahoning County Court of Common Pleas. On appeal, he raises a question as to the trial court's acceptance of his plea and several arguments pertaining to his sentence. While Appellant's plea was properly accepted by the trial court, Appellant's arguments related to the court's imposition of a misdemeanor sentence to run consecutively to his felony sentence, and the incomplete postrelease control notification, have merit. The judgment of the trial court is reversed and remanded only as to these sentencing issues. His convictions are affirmed in full. The matter is remanded to the trial court for resentencing pursuant to law and this Court's Opinion.

Factual and Procedural History

**{¶2}** Appellant's single indictment includes four counts that stem from two separate and unrelated incidents. The trial court case was bifurcated in the sense that while Appellant pleaded guilty to all three counts related to one incident that occurred on March 2, 2023, Appellant proceeded to a jury trial on the remaining count stemming from the earlier incident, that occurred on June 18, 2022.

**{¶3}** The June 18, 2022 (earlier) incident involved a motor vehicle chase of Appellant by the police. Appellant was operating a vehicle when he failed to comply with an ordinary traffic stop and fled through residential neighborhoods at high speeds. Appellant finally fled the vehicle itself, leaving behind four passengers – a man, a woman,

and their two children (aged three and four), who were able to identify Appellant. Officers failed to apprehend Appellant during this chase.

{¶4}  An incident report attached to the complaint regarding the March 2, 2023 incident reflects that police attempted to initiate a traffic stop on a Mercedes Benz automobile, however, the vehicle continued to operate for some time before finally coming to a complete stop to allow a rear passenger, identified as Appellant, to flee the vehicle. While pursuing Appellant on foot, one officer noticed Appellant was carrying a plastic bag in his hand. When officers finally apprehended him, a search of his person yielded one plastic bag containing 7.51 grams of crack cocaine and $641 in cash. Later, officers discovered an additional plastic bag containing 1.22 grams of fentanyl on his person during booking. The remaining occupants of the vehicle were also in possession of contraband but were separately charged and are not relevant to the instant appeal.

{¶5}  As a result of these two separate incidents, Appellant was charged in a single indictment for the following offenses:  failure to comply with a signal or order of a police officer, a felony of the third degree in violation of R.C. 2921.331(B)(C)(5)(a)(ii) (this for the earlier incident); possession of cocaine, a felony of the fourth degree in violation of R.C. 2925.11(A)(C)(4)(b) with a specification for seizure of money ($641) in a drug case, in violation of R.C. 2941.1417(A); possession of fentanyl related compound, a felony of the fifth degree in violation of R.C. 2925.11(C)(11)(a) with a specification for seizure of money ($641) in a drug case in violation of R.C. 2941.1417(A); and obstructing official business, a misdemeanor of the second degree in violation of R.C. 2921.31(A)(B), due to the second incident.

{¶6} On August 28, 2023, Appellant pleaded guilty to all counts involved in the later, March 2, 2023, incident. As to the charge for the earlier incident from 2022, Appellant was afforded a trial where a jury ultimately convicted Appellant on the sole remaining charge.

{¶7} On October 18, 2023, the trial court held a sentencing hearing. In the written plea agreement the state was to seek a term of incarceration of thirty months (two and one-half years) for the offenses covered in the agreement. Again, these were the charges that resulted from Appellant's later offense. At sentencing, however, the state sought the maximum sentence, as by then the sentencing covered not only the offenses on which Appellant entered his guilty plea, but also the offense on which he was convicted following trial. The court accepted the state's recommendation and sentenced Appellant to the maximum sentence, which is an aggregate term of five and one-half years of incarceration, with an additional suspended thirty-day jail term. Appellant timely appeals from this entry.

{¶8} Because all of Appellant's arguments are actually based on his alleged sentencing errors, Appellant's assignments of error are taken out of order for ease of understanding.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT FAILED TO PROPERLY IMPOSE POST RELEASE CONTROL (PRC).

{¶9} While Appellant concedes the court generally advised him of his postrelease control term, he contends that it failed to notify him of two important aspects:

<u>Case No. 23 MA 0122</u>

that he would be supervised by the Adult Parole Authority, and that a violation could result in more severe penalties. The state concedes error in this assignment.

**{¶10}** "A trial court must provide proper advice to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violation." *State v. Baird*, 2016-Ohio-8211, ¶ 9 (7th Dist.), citing *State v. Qualls*, 2012-Ohio-1111, ¶ 18. Further, the trial court "must include the postrelease control advice in the sentencing entry to reflect the notification it gave at the sentencing hearing." *Baird* at ¶ 9, citing *Qualls* at ¶ 19.

**{¶11}** The Ohio Supreme Court has held:

> [T]o validly impose postrelease control when the court provides all the required advisements at the sentencing hearing, the sentencing entry must include:
>
> (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the [APA] will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute.

*State v. Bates*, 2022-Ohio-475, ¶ 12, citing *State v. Grimes*, 2017-Ohio-2927, overruled on other grounds by *State v. Harper*, 2020-Ohio-2913, ¶ 1.

{¶12} While the trial court correctly noted that Appellant's postrelease control term was to consist of a discretionary two-year period, and that a violation could result in one-half of the original prison sentence, it did not advise him that he would be monitored by the APA or that a violation could also result in more severe punishments. Hence, Appellant's second assignment of error has merit and the matter is remanded to address this issue.

ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ERRED BY IMPOSING A SUSPENDED SENTENCE FOR OBSTRUCTION.

{¶13} Appellant argues that the court's imposition of a suspended sentence for his misdemeanor offense is contrary to law, which provides that misdemeanor sentences must run concurrently to felony sentences. The state again concedes error in this regard.

{¶14} At the sentencing hearing, the court announced its intent to impose a maximum sentence as to Appellant's felony convictions and a suspended sentence for the misdemeanor, which was to run consecutively to the felony sentence. The record reflects the court's apparent, but erroneous, belief that it was required by law to order that the suspended sentence run consecutively to the felony sentence.

{¶15} At the plea hearing, the court stated: "[b]y law, by statute upon any imposition of a prison sentence on [the felony charges], the jail sentence on [the misdemeanor charge] would be suspended." (Plea Hrg., p. 15.) Consistent with these statements, in the court's entry, it provided "[r]egarding Count Four, the Defendant is sentenced to a thirty (30) day jail sentence, which is suspended." (10/20/23 J.E.)

Case No. 23 MA 0122

{¶16} In Ohio the only mechanism to run sentences one after another is through the imposition of consecutive sentences. However, we have held, "subject only to the exceptions stated in R.C. 2929.41(B)(3), a trial court must impose concurrent sentences for felony and misdemeanor convictions." *State v. Wells,* 2021-Ohio-2343, ¶ 14 (7th Dist.). R.C. 2929.41(B)(3) provides that:

> A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 of the Revised Code shall be served consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07, 2903.08, or 4511.19 of the Revised Code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively.

{¶17} The misdemeanors enumerated within the statute allowing sentencing consecutively to a felony sentence are as follows: R.C. 4510.11, titled "Driving under suspension or in violation of license restriction," R.C. 4510.14, titled "Driving under OVI suspension," R.C. 4510.16, titled "Driving under financial responsibility law suspension or cancellation," R.C. 4510.21, titled "Failure to reinstate a license," and R.C. 4511.10, titled "Driving while under the influence of alcohol or drugs." The misdemeanor conviction at issue, here, is obstruction of justice. While the offense may stem from a motor vehicle-related infraction, it is not among those listed in R.C. 2929.41(B)(3). By law, then, the

trial court was required to run the misdemeanor sentence concurrently with the felony sentence.

**{¶18}** While the state urges that we undertake to correct this error, the state has already confessed judgment to the postrelease control sentencing error, which requires a remand. Accordingly, Appellant's fourth assignment of error has merit and the matter remanded on this issue.

<u>ASSIGNMENT OF ERROR NO. 1</u>

[APPELLANT'S] PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY GIVEN.

**{¶19}** Appellant argues that the trial court's erroneous advisement at his plea hearing, that he would be subject to an additional thirty-day suspended sentence after completion of his felony sentence, caused his plea to be entered unknowingly, unintelligently, and involuntarily.

**{¶20}** The state responds that, even conceding error as to this advisement, Appellant ended up with a better deal than was contained in his plea. Appellant received a benefit, as he will not be subject to the suspended sentence as he originally thought at the time he entered his plea. Thus, the state contends he is unable to demonstrate prejudice.

**{¶21}** Before a trial court may accept a defendant's guilty plea, the court must inform the defendant of five constitutional rights. *State v. Rowbotham*, 2007-Ohio-6227, ¶ 7 (7th Dist.), citing *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph one of the syllabus. These constitutional rights are outlined within Crim.R. 11(C)(2)(c):

Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶22} The trial court must also notify the defendant of his nonconstitutional rights. The court's dialogue regarding nonconstitutional rights is reviewed for substantial compliance. *Rowbotham, supra*, at ¶ 18. The nonconstitutional rights are described within Crim.R. 11(C)(2):

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶23} "Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]." *State v. Sarkozy*, 2008-Ohio-509, ¶ 20. If the trial court completely neglects to advise a defendant of a nonconstitutional right, the plea is

vacated without a prejudice analysis. *State v. Cruz-Ramos*, 2019-Ohio-779 (7th Dist.), citing *Sarkozy* at ¶ 22, 25. However, if the trial court partially complies with the rule, the plea will be vacated only if prejudice is shown. *Id.* citing *State v. Clark*, 2008-Ohio-3748, ¶ 32. In order to establish prejudice, the defendant must show that the plea would not have been otherwise entered. *State v. Cologie*, 2017-Ohio-9217, ¶ 11 (7th Dist.), citing *State v. Veney*, 2008-Ohio-5200, ¶ 15; *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶24} As the sentencing issue at the heart of Appellant's argument does not involve a defendant's constitutional rights, it would fall within the rule regarding a nonconstitutional right. Appellant, therefore, must establish prejudice. As explained by the state, Appellant actually received a more favorable sentence than he believed at the time he entered his plea, as he is not subject at any point to additional time in the form of a suspended sentence for obstruction of justice. Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT FAILED TO MERGE [APPELLANT'S] CONVICTIONS
FOR SENTENCING.

{¶25} Appellant contends the court erroneously failed to merge his conviction for possession of cocaine and possession of fentanyl for purposes of sentencing. Additionally, he believes his convictions for obstruction of justice and failure to comply should also have merged for sentencing purposes.

{¶26} In response, the state cites to caselaw arising out of this district holding that where two drugs are classified and penalized differently based on the type and quantity

involved in the offense, they are not subject to merger. *See State v. Hunt,* 2018-Ohio-815 (7th Dist.). The state also distinguishes the failure to comply and obstruction of justice convictions, as the incidents from which those convictions arose occurred almost a year apart. *See State v. Wayne,* 2003-Ohio-927 (7th Dist.).

{¶27} R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶28} As to Appellant's drug possession convictions, the state is correct. In *Hunt,* we explained that the possession charges at issue (possession of cocaine and possession of heroin) were classified and penalized differently. *Id.* at ¶ 17. In addition, we explained "[t]he simultaneous possession of different types of controlled substances can constitute multiple offenses under R.C. 2925.11." *Id.,* citing *State v. Delfino,* 22 Ohio St.3d 270 (1986), syllabus. With these principles in mind, we concluded that "[i]t would thus defeat the legislature's intent to merge the drug possession offenses into a single

offense for purposes of sentencing." *Id.,* citing *State v. Hughes*, 2016-Ohio-880, ¶ 24 (5th Dist.).

**{¶29}** There were two substances involved in Appellant's charges: crack cocaine and fentanyl. Possession of cocaine is a felony of the fourth degree, whereas possession of fentanyl is a felony of the fifth degree. Thus, the separate substances are classified and penalized differently, and are not subject to merger.

**{¶30}** As to Appellant's failure to comply and obstruction of justice convictions, these offenses were committed on separate dates, nearly one year apart. We have previously held that "[t]he indictment reflects that each of the offenses occurred on separate dates. Therefore, the crimes were committed separately and with a separate animus and cannot be considered allied offenses of similar import." *State v. Wayne*, 2003-Ohio-927, ¶ 31 (7th Dist.), citing *State v. Blankenship*, 38 Ohio St.3d 116 (1988). While *Wayne* is pre-*State v. Ruff,* 2015-Ohio-995*,* the Eighth District reaffirmed the holding in a post-*Ruff* case, *State v. Wilk*, 2022-Ohio-1840, ¶ 68 (8th Dist.).

**{¶31}** Accordingly, Appellant's third assignment of error is without merit and is overruled.

Conclusion

**{¶32}** Appellant's convictions in this matter are affirmed in full, as Appellant knowingly entered his plea. Appellant's contentions regarding merger of certain of his sentences is meritless, as these were not subject to merger. However, Appellant's arguments related to the court's erroneous imposition of a misdemeanor sentence ordered to run consecutively to a felony sentence, and incomplete postrelease control

notification, have merit. The judgment of the trial court is reversed and remanded for resentencing as to only these aspects of Appellant's sentence.

Robb, P.J. concurs.

Hanni, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's first and third assignments of error are overruled and his second and fourth are sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed in full as to Appellant's convictions. However, Appellant's sentence is partially vacated for resentencing for both postrelease control and for correction of Appellant's misdemeanor sentence. This matter is remanded to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**